ANGELINA & NECHES RIVER R. CO. et
al. v. RAILROAD COMMISSION et al.

No. 10036.

Court of Civil Appeals of Texas. Austin.

Feb. 20, 1952.

Rehearing Denied March 12, 1952.

Allen, Gambill & Gambill, Seth Barwise, Fort Worth, Elmore H. Borchers, Laredo, Bullington, Humphrey & Humphrey, Wichita Falls, A. L. Burford, Texarkana, K. W. Denman, Lufkin, Adair Dyer, Dallas, G. E. Hamilton, Matador, G. H. Penland, Dallas, J. T. Suggs, Dallas, Robert Thompson, Dallas, Thompson, Walker, Smith & Shannon, Fort Worth, Wigley, McLeod, Mills & Shirley, Galveston, R. W. Wortham, Paris, Hardy Hollers, Austin, Baker, Botts, Andrews & Parish, by Joe G. Fender, Hutcheson, Taliaferro & Hutcheson, by Palmer Hutcheson, Jr., Houston, for appellants.

Price Daniel, Atty. Gen., Charles E. Crenshaw, Dean J. Capp, Asst. Attys. Gen., for appellee Railroad Commission.

Charles A. Stewart, Fort Worth, for intervenors, Texas & Southwestern Cattle Raisers' Ass'n, Inc., Texas Sheep & Goat Raisers' Ass'n, Inc., Livestock Traffic Ass'n, and Texas Farm Bureau Federation.

ARCHER, Chief Justice.

This is an appeal from an order of the trial court denying a temporary injunction restraining the Railroad Commission and its members from putting into effect or enforcing its order dated September 24, 1951 and styled "Railroad Freight Circular No. 19343," which order purported to establish so-called "emergency" freight rates on live stock feedstuffs. Appellants, which are all the principal railroads of the State of Texas, comprise the membership of the Texas-Louisiana Freight Bureau.

On application from several live stock traffic associations alleging the existence of an emergency because of drought conditions which required them to feed cattle on a large scale and hence made lower freight rates desirable on live stock feeds, the Railroad Commission of Texas on August 31st issued a notice of hearing. Such application was not by its terms limited to rail rates, but appeared to seek a reduction in rates on live stock feed hauled in any manner. Subsequently the parties petitioning the Commission for reduced rates, by oral amendment, limited the scope of their petition with relation to carriers involved and requested a reduction in rail rates only. The Railroad Commission issued notice of hearing setting the application as a railroad rate matter without naming motor carriers engaged in the transportation of live stock feedstuffs as parties. Appellants, promptly on receipt of this notice and prior to hearing, by motion duly filed, requested that the scope of the proceedings be enlarged to include rates of all transportation agencies engaged in hauling live stock feed for hire. On September 24, the Railroad Commission issued an order reducing railroad rates on hay by the amount of 50% and on other live stock feedstuffs by the amount of 33⅓%. The Commission's order indicated that the Commission considered that it was acting under the authority of the Revised Civil Statutes, Articles 6458 and 6459, dealing with the power of the Commission to establish emergency freight rates and temporary tariffs.

Following this order of the Commission, appellants herein filed an application for temporary restraining order, temporary injunction and permanent injunction in the District Court of Travis County, Texas, 98th Judicial District, being Cause No. 90,548 in that court. Appellants' petition appears at transcript page (2). In this petition appellants herein attack the order of the Commission on a number of grounds, including the grounds of unconstitutionality involved in this appeal.

Temporary restraining order was granted, but upon hearing temporary injunction was denied and the temporary restraining order was dissolved.

The appeal is before this Court on two assignments. The first point is:

The error of the court in refusing to grant a temporary injunction on the grounds that the order of the Railroad Commission purporting to fix an emergency rate on feedstuffs shipped by rail pursuant to Articles 6458 and 6459, Revised Civil Statutes of Texas is in violation of the Due Process and Equal Protection Clauses of the 14th Amendment to the Constitution of the United States and similar provisions under the Texas Constitution, Vernon's Ann.St.Const. art. 1, §§ 3, 19, and is otherwise discriminatory for the reason that such rates are not made applicable to motor carriers.

The second point is:

The error of the court in refusing to grant a temporary injunction on the ground that Articles 6458 and 6459, Revised Civil Statutes of Texas, purporting to authorize the Railroad Commission to impose emergency rates applicable only to rail carriers and not to other carriers are unconstitutional and void as violative of the Due Process and Equal Protection Clauses of the 14th Amendment to the Constitution of the United States and similar provisions of the Texas Constitution and are otherwise discriminatory, in the light of changed economic and transportation conditions, including growth of the motor carrier industry, since the date of enactment of such statutes.

The order under attack was made by the Commission on September 24, 1951 and by its terms will expire on March 31, 1952, and reduces rates on feedstuffs shipped by rail, and not to other carriers.

The question presented by appellants is directed to the unconstitutionality of Articles 6458 and 6459 under conditions existing today and in the light of their application, and the primary and most important fact involved is the growth and present size of the Motor Carrier industry. The statutes were enacted in 1897 and 1907, respectively.

There was much testimony concerning the extent of motor competition, the amount of such freight hauled, and the revenue.

■ Appellants contend that the Commission's power, if any, is of an emergency nature and as such arises under the police power and is subject to all the rules of uniformity and lack of discrimination, and by which it must be governed.

The trial court found as a matter of law that the action of the Railroad Commission in entering its order of September 24, 1951, was under authority theretofore as provided in Articles 6458 and 6459, R.C.S., and further found upon substantial evidence submitted herein that there existed an emergency, as found in the order of the Railroad Commission, and that the articles are not unconstitutional or invalid.

The very act of the Commission in entering the order complained of is of a discriminatory nature, but is not an unjust discrimination.

■ Articles 6458 and 6459, V.A.C.S., are not in violation of the Due Process and Equal Protection Clauses of the 14th Amendment to the Constitution of the United States, or under similar provisions of the Texas Constitution, and are not so discriminatory because such rates are not made applicable to motor carriers as to be invalid, as of the time of enactment or since the date of enactment of such statutes.

In the case of Abilene & Southern Railway Co. v. Terrell, Tex.Civ.App.1939, 131 S.W.2d 37, error ref., the questions under consideration in this appeal with the possible exception of the contention of appellants that the order which reduces the rate structure of one form of transportation and leaves untouched the rate structure of a competitive form of transportation engaged in the hauling of the same commodities at the same time and in the same territory was fully discussed and disposed of, and we do not deem it necessary to further discuss the issues.

We then have before us the question of the validity of the order complained of which reduced the rail rates but did not touch the truck rates.

■ There is no serious question as to the extent of the drought, or as to notice and hearing. The appellants presented evidence and were heard by the Commission

and participated in the hearing, and in the absence of unjustness, arbitrariness, or unreasonableness the order is valid and lawful.

■ We believe the evidence fully supports the Commission's finding of the existence and extent of a drought and under the statutes were justified in entering the order for the time and duration thereof.

The appellants contend that the discrimination complained of is inherent in any administrative order which diminishes the rate structure of one form of transportation and leaves untouched another. In the Abilene case the question of discrimination between railroads was before the court and the order was upheld. We do not believe that discrimination between the railroads and trucks in the present case are so unjust as to invalidate the order. There was competition between the railroads at the time the Abilene case was decided and to an extent between the motor carriers and railroads, and the only change now is as to the relative amount hauled by the motor carriers and the railroads.

The railroads have always sought and generally obtained a lower rate than the truck rate. If the motor carrier rates were reduced one-third as were the rail rates in the order under question, the shippers would still have had to pay more than the normal rates applicable to railroads before the reduction.

■ The primary consideration in a judicial review of rates is a determination of reasonableness to the affected shipper.

13 C.J.S., Carriers, § 282, p. 643.

Article 6454, V.A.C.S., provides as to appeals by railroads from rate orders, that: "The burden of proof shall rest upon the plaintiff to show the rates, regulations, orders, classifications, acts or charges complained of are unreasonable and unjust to it or them."

The determination of reasonableness requires the consideration of all factors going into such action, and involve the value of the property devoted to public service, the value of such service to the public, the earnings, cost of transportation, competition, mileage, value and character of the freight, the volume thereof, and all other factors. Competition of itself constitutes only one phase or factor to be considered in a determination of reasonableness.

■ There is no showing that it was unreasonable for the Commission to enter the order, as it did, making these emergency freight rates apply to rail carriers only.

The appellants have cited a number of out of State cases but none involve rates, or rate making, but are cases discussing statutes governing grade crossing; operation of street cars; payment of claims; right of way fencing, etc.

■ In Fort Worth & D. C. Ry. Co. v. Welch, Tex.Civ.App., 183 S.W.2d 730, 736, error ref., the court had under consideration the constitutionality of Article 6402, V.A.C.S., which is the statute having to do with fencing of right of ways. The contention was made that there was a lack of due process and equal protection and that the rail and motor carriers were competitive and that there was no similar statute applicable to motor carriers, and that since 1905, the date the statute was enacted, motor carriers have greatly increased in numbers, so that conditions had changed in the intervening years, the Court held: "We are of the opinion that a reasonable basis for such distinction exists. Although the motor lines and the railroads are engaged in the same general business, yet the means and methods by which they perform that business are, of necessity, so wholly different that the legislature is justified in separating them into different classes for the purpose of regulation."

The Court further held: "We are of the opinion that the Legislature has, in its wisdom, made a classification, reasonable and not arbitrary, which reasonably promotes public welfare and public interest and which rests upon real and substantial differences between railroads as carriers and motor truck and bus lines as carriers, and has, in its wisdom, retained in the statutes Article 6402, which by its nature imposes a penalty upon railroads for their failure to do something which they can do and which, if done, will inure to the public good and will relieve them of the penalty otherwise imposed."

**932**

There is a recognized difference between rail and motor carriers. Motor carriers and specialized motor carriers are governed by Article 911b, V.A.C.S., and subsections thereto, and even then specialized motor carrier rates are different from motor carrier rates. The motor and specialized carriers are treated apart from the operation, rail carriers, and their operations are different. The two modes of transportation justify different treatment under separate classification.

█ Since this is a rate matter, the judicial review of the Commission's action is under the precepts of the substantial evidence rule. Appellants have not sought to attack the order as being unsupported by substantial evidence.

The Commission acted on the application before it which requested a reduction in railroad rates.

█ The order recites that the hearing was had on the petition with a limitation as to rail rates. The Commission is not required to have motor carriers in every rate hearing in which the rail carriers are involved.

Southern Pacific Co. v. Railroad Commission of California, D.C.N.D.Cal.1912, 193 F. 699.

The judgment of the trial court is affirmed.

Affirmed.